Submitted on Briefs November 12, decided December 3, 1912.

### STRONG v. COOS COUNTY.

(127 Pac. 963.)

Highways—Establishment—Remonstrance.

Section 6279, L. O. L., provides for applications for laying out county roads by petition signed by at least 12 freeholders. Section 6287 requires the board of road viewers to make a report giving their opinion in favor of or against establishment. Section 6288 provides that the county court shall issue an order directing a road to be opened if no remonstrance with a greater number of remonstrators than the number of petitioners is received. Held, that the county court is without authority to grant the petition where a remonstrance is received with a greater number of qualified remonstrators than the number of petitioners, although the remonstrators state no reason for opposing the opening of the road; the statute requiring neither the petitioners nor remonstrators to state their reasons.

From Coos:  JOHN S. COKE, Judge.

Statement by MR. JUSTICE BEAN.

This is a proceeding by Lewis Strong against Coos County for a writ of review. The defendant appeals from a judgment of the circuit court sustaining a writ of review and setting aside an order of the county court of Coos County denying a petition for the establishment of a county road. The petition for the writ specified, as error of the county court, that there was no remonstrance to the petition for the road setting forth any reason why the prayer of the petition should not be granted. The return to the writ shows that 37 freeholders of the county, residing in the road district where the proposed road was to be laid out, petitioned for the laying out of the road, describing it as provided by Section 6279, L. O. L. Proof of giving notice was filed, and other proceedings were had which are not questioned. The report of the viewers was favorable. Sixty-eight freeholders of the county residing in the same road district remonstrated against the proposed road

describing the same. Sixteen of these asked to have their names withdrawn from the remonstrance, which, if allowed, would still leave more qualified names on the remonstrance than on the petition. A motion was filed in the county court to strike out the remonstrance as irrelevant and redundant. This motion does not appear to have been acted upon.                REVERSED.

Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court, 56 Or. 622 (117 Pac. xi).

For appellant there was a brief over the names of *Mr. George Brown,* Prosecuting Attorney, and *Mr. Lawrence A. Liljeqvist,* Deputy Prosecuting Attorney.

For respondent there was a brief over the name of *Mr. E. D. Sperry.*

MR. JUSTICE BEAN delivered the opinion of the court.

The only question raised by the petition for the writ is the want of any reason stated in the remonstrance why the petition for the road should not be granted. The county court denied the petition for the reason that a remonstrance with a greater number of remonstrators than there was of the petitioners was presented. Plaintiff, one of the road petitioners, applied for a writ to review such action.

The statute authorizing the establishment of a county road does not require either the petitioners or remonstrators to state the reason for their action in the matter. The matter of the practicability of a proposed road is left for the board of county road viewers to report to the county court for its information. In this report the board is required by Section 6287, L. O. L., to state their opinion in favor of or against the establishment of the road, and to set forth their reason for the same. Under the provisions of Section 6288, L. O. L., when a remon-

strance with a greater number of qualified remonstrators than there is of the petitioners is received, the county court is without authority to grant the petition.   In such a case, it is not a matter of the court's discretion. This we think is the plain meaning of the statute.   It needs no technical construction.

The judgment of the lower court will therefore be reversed, and the cause remanded, with instructions to dismiss the writ of review.                         REVERSED.